IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>    Petitioner,<br><br>    vs.<br><br>ROBERT L. AYERS, JR., Warden,<br><br>    Respondent. | No. C 07-3426 JSW (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at San Quentin State Prison in San Quentin, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the Board of Parole Hearings ("BPH") denial of parole during parole suitability proceedings. Petitioner has paid the filing fee. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted of first degree murder in San Mateo County Superior Court in 1988 and was sentenced to 25 years-to-life in state prison. In this habeas action, Petitioner does not challenge his conviction, but instead challenges the execution of his sentence. Petitioner contends that the denial of parole by the BPH on November 28, 2005 violated his federal constitutional right to due process. He alleges that he has exhausted state judicial remedies as to all of the claims raised in his federal petition.

**DISCUSSION**

I.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II.  Legal Claims

Petitioner alleges that his constitutional rights were violated by the BPH's parole denial in 2005. Liberally construed, the allegations are sufficient to warrant a response from Respondent. *See Board of Pardons v. Allen*, 482 U.S. 369 (1987); *see, e.g., Superintendent v. Hill*, 472 U.S. 445 (1985); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123 (9th Cir. 2006); *Biggs v. Terhune*, 334 F.3d 910, 915-17 (9th Cir. 2003).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk of the Court shall serve a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days from the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on

1  Respondent within **thirty (30)** days of his receipt of the answer.

2      3. Respondent may file a motion to dismiss on procedural grounds in lieu of an
3  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing
4  Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court
5  and serve on Respondent an opposition or statement of non-opposition within **thirty (30)**
6  days of receipt of the motion, and Respondent shall file with the Court and serve on
7  Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

8      4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep
9  the Court informed of any change of address by filing a separate paper captioned "Notice
10 of Change of Address." He must comply with the Court's orders in a timely fashion.
11 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
12 to Federal Rule of Civil Procedure 41(b)

13     IT IS SO ORDERED.

14 DATED: October 29, 2007

15                         JEFFREY S. WHITE
                          United States District Judge

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | FOR THE | |
| 3 | NORTHERN DISTRICT OF CALIFORNIA | |

RONALD MOORE,

    Plaintiff,

v.

ROBERT L. AYERS JR. et al,

    Defendant.

                              /

Case Number: CV07-03426 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 29, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronald Moore D92538
San Quentin State Prison
San Quentin, CA 94974

Dated: October 29, 2007

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk