# EXHIBIT E

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

The People of the State of California,)
)
Plaintiff,)
)
vs )
)
RONALD JOE MOORE )   Court Number C-17391
True Name: Ronald Joseph Moore )   Department Number 17
DOB: February 22, 1949 (Age: 39) )   August 1, 1988 - 9:00 a.m.
Sacramento, California )
Defendant.)

- - - - - - - - - - - - - - - - - - - -

PROBATION OFFICER'S REPORT AND RECOMMENDATION
TO THE ABOVE-ENTITLED HONORABLE COURT

ATTORNEY FOR THE PEOPLE: Paul Nichols
ATTORNEY FOR THE DEFENSE: Pat Concannon (appointed)
OFFENSE: Violation of Section 187 of the Penal Code
(Felony-Murder, First Degree)
DATE: November 10, 1986
CERTIFIED: March 17, 1987
ARRESTED: November 10, 1986
CUSTODY: Since arrest (631 days, plus 315 days good time/work time, total 946 days)
GUILTY BY: Plea of guilty by jury verdict on June 7, 1988
REFERRED TO THE PROBATION DEPARTMENT: June 7, 1988

R E C O M M E N D A T I O N

It is respectfully recommended that the defendant's motion for probation be denied and that he be committed to the Department of Corrections.

A $100.00 restitution fine is mandated pursuant to Section 13967 of the Government Code.

BASE TERM SENTENCE RANGE

187 PC                              25 years - life

ENHANCEMENTS (CHARGED AND PROVED)

Section 1203.075 PC - ineligible for probation

-1-

RONALD JOE MOORE                                        COURT NUMBER C-17391
True Name:  Ronald Joseph Moore

## LEGAL SUMMARY

On March 11, 1987, the District Attorney filed an Information charging the defendant in Count I with violation of Section 187 of the Penal Code (Felony-Murder). The District Attorney made a special allegation charging the defendant with violation of Section 1203.075 of the Penal Code that Mr. Moore inflicted great bodily injury upon the victim, Claire Miller.

On June 7, 1988, the defendant was found guilty by a jury verdict for violating Section 187 of the Penal Code (Felony-Murder). The case was continued to August 1, 1988 at 9:00 a.m. for a probation report and sentencing.

## EVALUATION

Appearing before the Court is a 39-year-old unemployed male. He last resided in a motel in the city of San Mateo. The defendant had been unemployed for several months. He was more or less being supported by the victim in this case.

Mr. Moore has been convicted of Murder. San Mateo police responded to a report of an assault victim in a motel room. They found the victim, 34-year-old female, lying nude, unconscious and apparently badly beaten. The defendant was with her. Eventually, he told police that he had a physical argument with the victim after both of them had used crack cocaine. The argument resulted in the victim being rendered unconscious. She died of an injury to her brain as a result of this assault.

The defendant has been convicted of Grand Theft and Shoplifting. However, the most recent of these convictions took place in 1971, about 17 years ago.

The defendant should not be granted probation pursuant to the provisions of Judicial Council 414. This crime, murder, is much too serious. In light of the provisions of Penal Code Section 1203.075, he is not eligible anyway. Circumstances in aggravation pursuant to Judicial Council Rule 421 include in this case that this crime involved great violence which resulted in the death of the victim. She was beaten so severely that she died of an injury to her brain. The victim was particularly vulnerable, a 34-year-old female. There are no circumstances in mitigation pursuant to Judicial Council Rule 423. The defendant has chosen not to participate in this probation investigation. He said that he cooperated with the investigating officers in this case to begin with and that, according to the defendant, is what got him in the position he is in today. Considering the information available concerning the defendant and the crime that he committed, the aforementioned recommendation is submitted to the Court.

------

RONALD JOE MOORE                                    COURT NUMBER C-17391
True Name: Ronald Joseph Moore

## S O C I A L   F A C T O R S

FAMILY BACKGROUND          (Source: Probation and District Attorney's Files)

Mr. Moore chose not to participate in this probation report. Most of the information in this section has been derived from police, District Attorney, and probation records.

The defendant who is now 39 years old was born February 22, 1949 in Sacramento, California. He was the second of two children in his family. His parents were described as "working people." The defendant's father reportedly had a serious alcohol abuse problem. Mr. Moore once said to an interviewer, "the happiest times were when his father was passed out..." The defendant completed high school by the time he was 18 years old. He left his family home in Sacramento soon afterward. His older brother was said to be employed in a computer industry as a date processor. The defendant listed data processing as one of his last known occupations. He eventually got married and had two or three children. His marriage ended in divorce. The defendant's mother said that he went "downhill" after the marriage ended. The defendant met the victim in this case about one year before the murder took place. He lived with the victim in a San Mateo motel. The defendant was unemployed for several months prior to his arrest in this case. The victim more or less supported the defendant. Mr. Moore supplemented this support by letting out his their motel room for drug users and by getting what profit he could out of the drug purchases he made for himself.

EDUCATION                  (Source: Probation and District Attorney's Records)

Mr. Moore reportedly graduated from high school in Sacramento, California before he reached the age of 18.

EMPLOYMENT                 (Source: Probation and District Attorney's Records)

The defendant was unemployed for several months prior to his arrest in this case in November of 1986. He was last reported working for a temporary employment agency in San Mateo. Although the defendant was supposed to be working through this agency, there is some question as to whether he ever in fact worked at a job provided by it. There is some indication that Mr. Moore has worked as a computer data processor some time during his adult life.

HEALTH                     (Source: Probation and District Attorney's Records)

The defendant is apparently in good physical condition. He has told other interviewers that he began using marijuana while in high school. The defendant said that since that time, he has used LSD, speed, cocaine, and PCP. His drug use of choice reportedly is speed (methamphetamines), "coke" (cocaine), and alcohol. The defendant and the victim in this case were reportedly using cocaine just prior to the commission of the crime.

-3-

RONALD JOE MOORE                                    COURT NUMBER C-17391
True Name:  Ronald Joseph Moore


<u>MILITARY</u>              (Source: Probation and District Attorney's Records)

The defendant has never served in any branch of the military service.

<u>PRIOR OFFENSES</u>         (Source:  CII and Sheriff's Office Records)

| Date   | Location       | Charge          | Disposition |
|--------|----------------|-----------------|-------------|
| 6/2/68 | PD Sacramento  | Burg            | 8/23/68: conv of Attmptd 487 PC (Grnd Thft); 3 yrs prob, 2 mos CJ; 3/29/71: convctn set aside & dism purs to Sec 1203.4 PC |
| 7/8/71 | SO Sacramento  | 484 PC (Pet Thft) | 90 ds CJ, 3 yrs susp; 10/2/73: convctn set aside purs to Sec 1203.4 PC |

<u>PRESENT OFFENSE</u>        (Source:  San Mateo Police Department Records)

A San Mateo Police Department report states in essence that on November 10, 1986, at approximately 2:00 p.m., an investigating officer responded to the report of a disturbance at a motel on North Bayshore Boulevard. The manager of the motel reported that he received a telephone call from a hysterical male asking for the police and an ambulance to be sent to Room 229. The officer found Ronald Moore in Room 229 with the victim, Claire Miller, who was unconscious and appeared to have been beaten. At first, Mr. Moore told the police that he had returned home to the motel room and found the victim unconscious and apparently beaten. He said that the victim occasionally engaged in acts of prostitution and when she did so, Mr. Moore left the room. He said he left on this date for that reason. The victim, who had been transported to the hospital soon after the arrival of the police died of a brain injury suffered during the assault. The officers continued the investigation and interrogation of the defendant. Eventually, Mr. Moore changed his story and told the officers that he and the victim used crack cocaine by smoking it. They became engaged in an argument. The defendant said that the victim lied to him about her use of cocaine and seeing other men and having sexual relations with them in order to obtain crack cocaine. Moore said that the argument became a physical altercation between Miller and himself. As a result, the victim "became unconscious and Moore eventually had to give her CPR." Later, he determined that he could do nothing more for her and called the motel office for emergency help.

<u>DEFENDANT'S STATEMENT CONCERNING THE PRESENT OFFENSE</u>

The defendant did not make a statement.

-4-

RONALD JOE MOORE                                COURT NUMBER C-17391
True Name: Ronald Joseph Moore

### VICTIM IMPACT STATEMENT

The victim's sister, a guardian of her 11-year-old daughter, stated that she wanted to make a statement to the Court in this matter in writing. This statement has not been received as yet.

The victim's father has not responded to an inquiry as of the writing of this report.

### RESTITUTION

Not applicable.

### INTERESTED PARTIES

The investigating officer in this case described the defendant as being "a rather dispassionate person." The officer stated that although it was a good number of hours after the actual assault had taken place, when the defendant was tested for drug use, he had a relatively low amount of cocaine residue in his system. The defendant was unemployed and living off the victim. He supplemented this support by renting out their room to drug users while the victim was at work. The officer did not make a recommendation concerning a possible sentence for the defendant since statutes more or less dictate what the sentence will be.

### MISCELLANEOUS

A check with the California Department of Motor Vehicles reveals that the defendant has a driver's license which expired on his birthday in 1985. DMV has no record of the defendant ever having incurred any traffic infractions.

### FINANCIAL

The defendant did not submit a financial statement.

Respectfully submitted,

Approved,                                       By _____
                                                KENNETH J. MCCARTHY
By _____               Deputy Probation Officer
RAYMOND H. FABER
Supervising Probation Officer

KJM:cmf
#68818

-5-