# EXHIBIT H

ENDORSED FILED
SAN MATEO COUNTY

NOV 0 9 2006

Clerk of the Superior Court
By C.R. Hernandez
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

In re:  ) Case No. SC-17391 A
        )           HC-1820
  RONALD MOORE )
        ) ORDER OF DENIAL
On Habeas Corpus. )

The Court has received and reviewed the Petition for Writ of Habeas Corpus filed by Petitioner, Ronald Moore, on September 13, 2006. The petition is hereby denied.

On March 11, 1987, Petitioner was charged with the murder of Claire Miller based on allegations that he strangled and beat her in the early morning hours of November 10, 1986 during a fight over drug use. Petitioner was convicted by a jury on June 7, 1988 of first degree murder (Penal Code § 187). Petitioner was sentenced to 25 years to life in prison.

On November 28, 2005, the Board of Parole Hearings (Board) denied parole, ruling that Petitioner's release on parole would pose an 'unreasonable risk of danger to society or a threat to public safety' based on the 'exceptionally cruel and callous manner' in which the offense was carried out, demonstrating an exceptionally 'callous disregard for human life and suffering'

1

1  and that the motive was very trivial in relation to the offense
2  (Exh. A, Reporters Transcript of 11/28/05 hearing at 69-70
3  [hereafter "R.T."]). The Board also found that Petitioner had
4  an unstable social history, including illegal narcotics use,
5  and was not sufficiently participating in the self-help therapy
6  programs. (R.T. 71-72.) Petitioner's May 7, 2000 psychological
7  report was not totally supportive of release in that it rated
8  Petitioner as low to moderately low rate of future violence,
9  not the low rating that the Board would prefer to see. (R.T.
10 72.) While the Board noted that Petitioner's parole plan
11 demonstrated a viable residential plan and marketable skills
12 indicating some options for employment, Petitioner did not have
13 any specific job offer at this time. (R.T. 72.) The Board made
14 findings that Petitioner needs therapy in order to face,
15 discuss, understand, and cope with stress in a nondestructive
16 manner, and that until progress is made, Petitioner continues
17 to be unpredictable and a threat to others. (R.T. 72-73.) The
18 Board noted that Petitioner had been disciplinary free during
19 his entire incarceration, that Petitioner had taken numerous
20 classes, and obtained certification as a computer operator.
21 (R.T. 73.) However the Board did not find that the positive
22 factors outweighed the factors of unsuitability. (R.T. 73.)
23 The Board found in a separate decision that it was not
24 reasonable to expect that parole would be granted during the
25 next two years. (R.T. 74.) The Board found a need for further
26 observation and for self-help and therapy programming, which
27 required additional time (R.T. 74-75).
28

Petitioner complains that the Board's decision to deny parole was in violation of his due process rights "there was no rational basis supporting the Board's decision to deny Petitioner parole." (Petition at 3 [citing In Re Rosenkrantz (2002) 24 Cal.4th 616, 657-658 & 575-677; In re Dannenberg (2005) 34 Cal.4th 1061, 1071, 1084 & 1095 fn 16.) He contends provides that continued reliance on the unchanging nature of the commitment offense results in a due process violation. He requests this Court to order the Board to set his terms within the matrix guidelines for first degree murder, apply his earned good conduct credits toward that term, and if any credit goes beyond the calculated term, to his parole. (Petition at 12.)

**THE DECISION OF THE BOARD OF PRISON TERMS TO DENY PETITIONER A PAROLE RELEASE DATE WAS PROPER.**

A petition for writ of habeas corpus is proper to challenge a denial of parole by the Board of Prison Terms. In re Sena (2001) 94 Cal.App.4th 836, 840.

> "…[T]he judicial branch is authorized to review the factual basis of a decision of the Board denying parole in order to ensure that the decision comports with the requirements of due process of law, but that in conducting such a review, the court may inquire only whether some evidence in the record before the Board supports the decision to deny parole, based upon the factors specified by statute and regulation. If the decision's consideration of the specified factors is not supported by some evidence in the record and thus is devoid of a factual basis, the court should grant the prisoner's petition for writ of habeas corpus and should order the Board to vacate its decision denying parole and thereafter to proceed in accordance with due process of law. (See In re Ramirez, supra, 94 Cal.App.4th at p. 572; In re Bowers (1974) 40 Cal. App. 3d 359, 362, 114 Cal. Rptr. 665.)"

3

In re Rosenkrantz (2002) 29 Cal.4th 616, 658.

'[T]he gravity of the commitment offense or offenses alone *may* be a sufficient basis for denying a parole application, so long as the Board does not fail to consider other relevant factors.' In re Ramirez (2001) 94 Cal.App.4th 549, 569 overruled on other grounds in In re Dannenberg (2005) 34 Cal.4th 1061, 1100; citing In re Seabock (1983) 140 Cal.App.3d 29, 37-38. 'The Legislature has provided that the Board may refuse to set a parole release date if "it determines that the gravity of the current convicted offense or *offenses,* or the timing and gravity of *current or past convicted offenses,* is such that consideration of the public safety requires a more lengthy period of incarceration." Pen. Code § 3041, subd. (b), italics added.)' Ramirez, supra, 94 Cal.App.4th at 569.

Based on a review of the information submitted by Petitioner, the Board did not abuse its discretion when it denied Petitioner a parole release date. The Board properly considered the gravity and circumstances of the commitment offense as provided for under California law. Rather than systematically denying Petitioner parole, the Board considered the activities he participated in while he was incarcerated, his evaluations, and his institutional behavior, as provided in 15 CCR 2402. After considering all of this information, as required, the board came to a decision that was proper as there was *some evidence* in the record to support it. Having concluded that Petitioner was not suitable for parole by pointing to some evidence that the particular circumstances of

4

1  his crime, the Board not having abused its discretion in its
2  decision to deny Petitioner parole, this Court cannot order it
3  to exercise its discretion differently.
4      Biggs v. Terhune (9th Cir. 2003) 334 F.3d 910 does not
5  require this Court to grant the relief requested. The Biggs
6  dicta provided only that, over time, assuming the petitioner
7  continued to demonstrate exemplary behavior and evidence of
8  rehabilitation, denial of parole simply because of the nature
9  of his offense and prior conduct *could* result in a due process
10 violation. (334 F.3d at 916-17.) The Ninth Circuit did not
11 find that the petitioner there had shown that the CDC's two-
12 year denial of parole was in violation of due process, despite
13 the fact that the petitioner had been a model prisoner since
14 1986 and had completed advanced educational and vocational
15 training. (Id. at 912, 917.) Petitioner here has not
16 demonstrated facts sufficient to show that the denial in his
17 case rises to the level of a due process violation.

### CONCLUSION

    When a petition for writ of habeas corpus fails to reveal sufficient facts which, if true, would establish a prima facie case for relief, summary denial is appropriate. (In re Clark (1993) 5 Cal.4th 750, 769.) For the foregoing reasons, the petition for writ of habeas corpus is hereby denied.

DATED: 11/9/06

                              Robert D. Foiles
                              Acting Presiding Judge, Criminal