IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>       Petitioner,<br><br>  vs.<br><br>ROBERT L. AYERS, JR., Warden,<br><br>       Respondent. | No. C 07-3426 JSW (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. This Court ordered Respondent to show cause why a writ should not issue. Respondent filed an answer and a memorandum of points and authorities in support of the answer. He also lodged the record with the Court. Petitioner has filed a traverse. For the reasons stated below, the petition is denied on the merits.

**BACKGROUND**

Petitioner was convicted of first degree murder in San Mateo County Superior Court in 1988 and was sentenced to twenty-five years to life in prison. In this habeas action, Petitioner contends that the denial of parole by the Board of Parole Hearings ("BPH") on November 28, 2005, violated his federal constitutional right to due process.

**DISCUSSION**

**I.    Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas petition by a state

prisoner in custody pursuant to a state court judgment, even when the Petitioner is not challenging his underlying state court conviction." *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Under AEDPA, this Court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* at § 2254(d). Under this deferential standard, federal habeas relief will not be granted "simply because [this] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000).

While circuit law may provide persuasive authority in determining whether the state court made an unreasonable application of Supreme Court precedent, the only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Id.* at 412; *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

**II.   Respondent's Claims**

In order to preserve the issues for appeal, Respondent argues that California prisoners have no liberty interest in parole, and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, Respondent contends there is no due process right to have the result supported by sufficient evidence. Because these contentions are contrary to Ninth

2

Circuit law, they are without merit. *See Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1128-29 (9th Cir. 2006) (the some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d)); *McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole.").

### III.   Petitioner's Claims

As grounds for federal habeas relief, Petitioner contends that: (1) there was not "some evidence" to support the denial; (2) the Board failed to consider all his post-conviction achievements; (3) he has a liberty interest in parole; and (4) the superior court's denial of his state habeas petition was contrary to, and an unreasonable application of, clearly established Supreme Court authority.

#### 1.   "Some Evidence" Claim

Petitioner contends that denial of parole was not supported by "some evidence" and thus violated his due process rights.

The Ninth Circuit has held that it violates due process if parole is denied without "some evidence in the record" to support the denial or if the denial is "otherwise arbitrary." *Irons*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *McQuillion*, 306 F.3d at 904 (same). Ascertaining whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455; *Sass*, 461 F.3d at 1128. The some evidence standard is minimal, and assures that "the record is not so devoid of evidence that the findings of the disciplinary board were without support or

3

1  otherwise arbitrary." *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

2  It is now established under California law that the task of the Board of Parole
3  Hearings and the governor is to determine whether the prisoner would be a danger to
4  society if he or she were paroled. *See In re Lawrence*, 44 Cal. 4th 1181 (2008). The
5  constitutional "some evidence" requirement therefore is that there be some evidence that
6  the prisoner would be such a danger, not that there be some evidence of one or more of
7  the factors that the regulations list as factors to be considered in deciding whether to
8  grant parole. *Id.* at 1205-06.

9  The nature of the offense was one basis for the Board's conclusion that Petitioner
10 would be a danger to society if paroled. At the hearing the presiding commissioner read
11 into the record without objection the following summary of Petitioner's crime:

> [O]n November 10th of 1986, San Mateo Police Department Report states that at approximately 2:00 p.m. an investigating officer responded to a report of a disturbance at a motel on North Bay Shore Boulevard. Manager of the motel reported that he received a telephone call from a hysterical male asking the police and an ambulance to be sent to Room 229. The officer found Ronald Moore in Room 229 with the Victim Claire Miller who was unconscious and appeared to have been beaten. At first, Mr. Moore told the police that he had returned home to the motel room and found the victim nude, unconscious, and apparently beaten. He said the victim occasionally engaged in acts of prostitution and when she did so Mr. Moore left the room. He said he left on this date for that reason. The victim, who had been transported to the hospital soon after the arrival of – the arrival of the police, died of a brain injury suffered during the assault. Eventually Mr. Moore changed his story and told the officer that he and the victim used crack cocaine by smoking it. They became engaged in an argument. The defendant said that the victim lied to him about her use of cocaine and seeing other men and having sexual relations with them in order to obtain crack cocaine. Moore said that the argument became a physical altercation between Miller and himself. As a result, the victim became unconscious, and Moore eventually had to give her CPR. Later, he determined that he could do nothing more to help her.

23 (Ex. B at 11-12.)[1]

24 Petitioner stated at the hearing that in the course of the fight he pushed the victim,
25 causing her to hit her head on the wall and later die of the resulting brain injury. (*Id.* at

---

[1] Citations to "Ex." are to the exhibits in the record lodged with the court by the Attorney General.

4

12-13.) Later in the hearing it came out that Petitioner also had strangled the victim (*id.* at 49), although it is not clear whether that was a cause of death. The Board was dissatisfied with the information it had regarding the offense itself (*id.* at 25, 50-51, 53-55), not surprisingly given that the available facts do not seem consistent with first degree murder, but no further evidence about the facts of the crime was presented at this hearing.

At the time of the hearing in 2005, Petitioner was approximately fifty-six years old and had served a bit more than seventeen years on his sentence of twenty-five years to life.[2] He committed the murder in late 1986. The parole hearing was his second.

The significant passage of time between the murder and the hearing – nineteen years – certainly reduced the evidentiary value of the offense itself, but the Court concludes that the circumstances of the offense still were entitled to significant weight, and at this stage in a long sentence, in themselves constituted "some evidence" to support the denial.

In addition, there was other evidence to support the decision, namely Petitioner's very recent participation in drug and alcohol recovery programs. At the time of the hearing he had been attending AA for only two years. (*Id.* at 45.) Given Petitioner's concession that at the time of the crime he was an addict (*id.* at 16), and his belief that the crime was the product of intense drug use (*id.* at 18-21, 27-28, 30-31), his failure to participate in addiction programs prior to his first parole hearing in 2002, and the concomitant short period of participation in such programs at the time of the hearing at issue here, his failure to address the danger of relapse into addiction if released is evidence supporting the Board's conclusion that he would be a danger to society if released.

In short, there was sufficient evidence to support the denial. *See Rosas v. Nielsen*, 428 F.3d 1229, 1232–33 (9th Cir. 2005) (facts of the offense and psychiatric reports

---

[2] His Minimum Eligible Parole Date – his minimum sentence less maximum possible credits – was July 12, 2000.

5

about the would-be parolee sufficient to support denial).

### 2. Weighing of Evidence

Petitioner also contends that the Board failed to consider all his post-conviction achievements. This is only a state law claim, based on decisions of the California Supreme Court interpreting California law, which cannot be the basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law). There is no clearly established Supreme Court authority requiring a parole board to consider evidence favorable to the prisoner, and a prisoner cannot make a state law claim into a federal claim simply by labeling it "due process," as Petitioner does here. *See Longford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process.").

This claim cannot be the basis for habeas relief.

### 3. Liberty Interest

Petitioner asserts that he has a liberty interest in parole created by California statutes. This is correct, *see McQuillion*, 306 F.3d at 902, but that he has a liberty interest in parole entitles him to procedural due process before he is deprived of it; it is not in itself grounds for relief.

This claim is cannot be a basis for federal habeas relief.

### 4. Superior Court Ruling

The California Superior Court in and for the County of San Mateo denied Petitioner's state habeas petition challenging the denial of parole at issue here. Petitioner contends that the court's denial was contrary to and an unreasonable application of, federal law. That is the standard for granting federal habeas relief, but is not grounds for relief in itself; it is a necessary, but not sufficient, basis for relief. Because Petitioner has not first shown a constitutional violation by the Board, the ruling by the superior court is irrelevant.

This claim cannot be a basis for federal habeas relief.

**CONCLUSION**

The petition for a writ of habeas corpus is DENIED. A certificate of appealability is DENIED. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: April 22, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

G:\JSWALL\Pro-Se Prisoner\2007\Moore3426.RUL.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>         Plaintiff,<br><br>   v.<br><br>ROBERT L. AYERS JR. et al,<br><br>         Defendant. | Case Number: CV07-03426 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 22, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronald Moore D92538
San Quentin State Prison
San Quentin, CA 94974

Dated: April 22, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk